IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RADLEY BRADFORD, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BRIDENT DENTAL SERVICES, LLC a Texas limited liability company,<br><br>*Defendant*. | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT**

Plaintiff Radley Bradford ("Plaintiff Bradford" or "Radford") brings this Class Action Complaint and Demand for Jury Trial against Defendant Brident Dental Services, LLC ("Defendant Brident" or "Brident") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by sending text messages to consumers after specifically opting out of receiving further phone communications from the Defendant. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1

**PARTIES**

1. Plaintiff Radley Bradford is a resident of Houston, Texas.

2. Defendant Brident is a Texas limited liability company headquartered in Orange, California. Defendant Brident conducts business throughout this District and the U.S.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since Defendant operates its business in this District and the wrongful conduct giving rise to this case was directed into this District.

**INTRODUCTION**

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 5.1 billion robocalls were placed in May 2023 alone, at a rate of 164.0 million per day. www.robocallindex.com (last visited July 4, 2023).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of

---
[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Defendant Brident provides dental services to consumers.

14. As part of its business model, it sends text messages to consumers in part to solicit their dental services.

15. The problem is that when consumers opt-out of receiving their text message communications, Defendant Brident continues to send them text messages.

16. In response, Plaintiff brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA by failing to maintain adequate policies and procedures for maintaining and honoring do not call requests, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF'S ALLEGATIONS

17. Plaintiff Bradford registered his cell phone number on the DNC on March 31, 2019.

18. Plaintiff Bradford uses his cell phone number for personal and household use only as one would use a residential landline.

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

19. Plaintiff Bradford received a text message solicitation sent by Defendant on behalf of Brident on January 16, 2023 at 10:02 AM, from the shortcode 86528.

20. The text message included the instruction "Reply STOP to opt out" so at 6:01 PM on January 16, 2023, Plaintiff Bradford replied, "Stop" to 86528. He immediately received a confirmation text message that his stop request was received and that his phone number would be added to Defendant's "Do Not Text list."



21. On July 7th at 11:20 AM, despite the opt-out request, Plaintiff Bradford received an additional unsolicited text message from Defendant Brident from the phone number (855) 615-2142.



22. On July 10th at 12:46 PM, Plaintiff Bradford received an additional unsolicited text message from Defendant Brident from the phone number (855) 615-2142.



23. On July 14th, Plaintiff Bradford received an additional unsolicited text message from Defendant Brident from the phone number (855) 615-2142.

> Dear RANDY, our records indicate that your doctor recommended treatment is due at Brident Dental. Call 877-311-3484 to schedule an appointment. Reply STOP to opt out.

24. On July 17th, Plaintiff Bradford received an additional unsolicited text message from Defendant Brident from the phone number (855) 615-2142.

> Dear RANDY, our records indicate that your doctor recommended treatment is due at Brident Dental. Call 877-311-3484 to schedule an appointment. Reply STOP to opt out.

25. On July 18th, Plaintiff Bradford received an additional unsolicited text message from Defendant Brident from the phone number (855) 615-2142.

> Dear RANDY, our records indicate that your doctor recommended treatment is due at Brident Dental. Call 877-311-3484 to schedule an appointment. Reply STOP to opt out.

26. On July 21, 2023 at 11:24 AM, Plaintiff Bradford received an unsolicited text from Defendant Brident from the phone number (855) 615-2142:



27. On July 24, 2023 at 12:32 PM, Plaintiff Bradford received an unsolicited text from Defendant Brident from the phone number (855) 615-2142:



28. On July 28, 2023 at 11:25 AM, Plaintiff Bradford received an unsolicited text from Defendant Brident from the phone number (855) 615-2142:



29. On July 31, 2023 at 12:43 PM, Plaintiff Bradford received an unsolicited text from Defendant Brident from the phone number (855) 615-2142:

8



30. On August 4, 2023 at 11:17 AM, Plaintiff Bradford received an unsolicited text from Defendant Brident from the phone number (855) 615-2142:



31. On August 7, 2023 at 12:26 PM, Plaintiff Bradford received an unsolicited text from Defendant Brident from the phone number (855) 615-2142:



9

32. On August 11, 2023 at 11:19 AM, Plaintiff Bradford received an unsolicited text from Defendant Brident from the phone number (855) 615-2142:



33. On August 14, 2023 at 12:23 PM, Plaintiff Bradford received an unsolicited text from Defendant Brident from the phone number (855) 615-2142:



34. On August 18, 2023 at 11:28 AM, Plaintiff Bradford received an unsolicited text from Defendant Brident from the phone number (855) 615-2142:



35. On August 21, 2023 at 12:23 PM, Plaintiff Bradford received an unsolicited text from Defendant Brident from the phone number (855) 615-2142:



36. On August 25, 2023 at 11:29 AM, Plaintiff Bradford received an unsolicited text from Defendant Brident from the phone number (855) 615-2142:



37. On September 1, 2023 at 11:21 AM, Plaintiff Bradford received an unsolicited text from Defendant Brident from the phone number (855) 615-2142:



38. On September 8, 2023 at 11:13 AM, Plaintiff Bradford received an unsolicited text from Defendant Brident from the phone number (855) 615-2142:



39. The unwanted solicitation text messages that Plaintiff received from Defendant Brident have harmed Plaintiff Bradford in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

40. Seeking redress for these injuries, Plaintiff Bradford, on behalf of himself and a Class of similarly situated individuals, bring suit under the TCPA.

# CLASS ALLEGATIONS
## Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From the Defendant's Actions

41. Plaintiff Bradford brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **<u>Internal Do Not Call Class:</u>** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant texted to their residential telephone line at least two times (2) including at least once after the consumer had communicated their wish to not receive any further text messages from the Defendant (3) for substantially the same reason Defendant sent text messages to Plaintiff.

42. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Bradford anticipates the need to amend the Class definitions following appropriate discovery.

43. **Typicality and Numerosity**: Plaintiff is a member of the Class who received calls as part of the same telemarketing campaign as other Class members,

and on information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant's conduct violated the TCPA;

(b) whether the Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

45. **Adequate Representation**: Plaintiff Bradford will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Bradford has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Bradford and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Bradford nor his counsel have any interest adverse to the Class.

46. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Bradford. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Bradford and the Internal Do Not Call Class)**

47. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

48. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such

15

person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

    (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

    (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

    (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

    (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any

other number for which charges exceed local or long-distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

49. Defendant sent text messages to Plaintiff and members of the Class without implementing internal procedures for maintaining a list of persons who request not to be texted by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendant to initiate telemarketing calls/text messages.

50. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

51. The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bradford individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Bradford as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Bradford requests a jury trial.

DATED this 11th day of September, 2023.

**RADLEY BRADFORD**, individually and on behalf of all others similarly situated,

By: /s/ *Jason Terrel Johnson*

Jason Terrel Johnson (Federal Bar No. 2561082, TX Bar No. 24065502)
Jason Johnson Law Firm PLLC
4141 North Freeway #112
Houston, TX 77022
281-888-9708
Fax: 1-866-283-0034
Email: jason@jasonjohnsonlawfirm.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Classes*

* *Pro Hac Vice* Admission to Be Sought